# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. JEEP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV00360 ERW |
| | ) | |
| GOVERNMENT OF THE UNITED | ) | |
| STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its initial review of plaintiff's pro se complaint and application for leave to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. See 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, a resident of St. Louis, Missouri, brings this action alleging violations of his civil rights. He sues several categories of high-level government officials, including the President of the United States, Justices of the Supreme Court, judges on the Eighth Circuit Court of Appeals and this Court, several state court judges, attorneys general, the State of Missouri and Governor Jay Nixon, several county governments and various others.

Plaintiff states that his allegations arise from a series of incidents which began in 2003 after an order of protection was issued against plaintiff by his wife. Plaintiff complains that the order of protection and subsequent divorce and custody proceedings, violated his civil rights, and that he was unlawfully unable to seek monetary or injunctive relief against the governmental officials who instituted and enforced the judgments. Plaintiff also claims he was denied his civil rights in appeals and collateral attacks on state court DWI proceedings.

In his request for relief, plaintiff seeks monetary relief in the amount of $202 million dollars. Plaintiff also requests that the Court expunge his DWI conviction and overturn all orders of protection, custody and divorce orders issued against him.

Plaintiff is a frequent litigant before this Court and other courts, and his claims are duplicative of prior cases brought before this Court. See, e.g., Jeep v. Jones, et al., No. 4:07CV1116 CEJ (June 19, 2007); Jeep v. Obama, 4:11CV931 CAS (June 8, 2011); and Jeep v. Obama, 4:11CV703 CEJ (April 27, 2012). As this Court has noted previously, because his complaints center around state law matters such as marriage dissolution and child custody, the Court lacks jurisdiction to intervene in his prior cases. See Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception...divests the federal courts of jurisdiction over

any action for which the subject is divorce, allowance of alimony or child custody."); see also, Fed.R.Civ.P. 12(h)(3).

The Court further concludes that despite plaintiff's assertions to the contrary, his claims against the various governmental officials involved in entering and enforcing the state court judgments against him relating to some perceived violation of his civil rights, are without merit, as these officials are entitled to absolute immunity for all actions that are not taken in a complete absence of jurisdiction. Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003). To state it another way, plaintiff is not entitled to sue governmental officials for purported violations of his civil rights simply because he disagrees with the outcome of the proceedings initiated against him. Moreover, any assertions by plaintiff that the numerous governmental officials named in this complaint have somehow engaged in a conspiracy to deprive him of his civil rights describes a fantastic or delusional scenario that is also subject to dismissal under 28 U.S.C. § 1915(e)(2). Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also, Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

In light of the aforementioned, this action will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915e(2)(B), and for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 15th day of April, 2013.

	E. RICHARD WEBBER
	SENIOR UNITED STATES DISTRICT JUDGE